UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER OLIN JONES, | No. 2:15-cv-0680 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. He contends defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Before the court is defendants' motion to enforce a settlement agreement. For the reasons set forth below, the court finds an evidentiary hearing is necessary to resolve a factual dispute about the existence of an agreement.

**BACKGROUND**

**I.     Allegations of the First Amended Complaint**

When plaintiff filed this action in March 2015, he was represented by counsel Peter Boldin and Isaac Choy. (See Comp. (ECF No. 1).) The case is currently proceeding on plaintiff's first amended complaint ("FAC") filed by his counsel on February 16, 2016. (ECF No. 28.) Therein, plaintiff identifies the following defendants: County of Sacramento, Sheriff Scott Jones, Sacramento County Main Jail ("Jail") Division Commander Tom Andris, Dr. Richard

1

Bauer, Dr. Sharon Wang, Dr. Grant Nugent, Dr. Robert Padilla, Dr. Robert Allen, Dr. Stuart Cohen, and Doe defendants. Plaintiff contends defendants failed to provide proper medical care for his broken wrist, that was healing from surgery when he was first incarcerated in the Jail in March 2013. As a result of the lack of medical care, plaintiff suffered pain, numbness, and swelling. He also ended up with a serious infection in his wrist and arm. In July 2013, the Jail sent plaintiff to the University of California at Davis Medical Center ("UCDMC") to have hardware in his wrist removed. However, he had persistent infections and pain afterwards. In June 2014, plaintiff was taken to UCDMC for surgery to fuse the bones in his wrist.

Around this time, plaintiff, who had been diagnosed with Hepatitis C in 2009 and successfully treated for it, requested further testing for the disease. In 2014, tests showed that his Hepatitis C levels were significantly outside the normal range. Plaintiff contends the infection he suffered in his left wrist and arm was a substantial factor in the reactivation of his Hepatitis C. Plaintiff further contends that defendants have refused to treat him for Hepatitis C.

## II. Procedural History

In March 2016, defendants Robert Allen and Stuart Cohen moved to dismiss the claims against them. (ECF No. 36.) On May 2, 2016, the parties stipulated to dismiss these defendants from the case. (ECF No. 47.)

On August 18, 2016, defendants Andris, Bauer, County of Sacramento, and Jones filed an answer to the FAC.[1] (ECF No. 53.) On December 30, 2016, the court issued a scheduling order which, among other things, set October 15, 2018 as the date for trial. (ECF No. 57.)

On November 22, 2017, defendants filed a Notice of Settlement. (ECF No. 63.) On March 5, 2018, defendants filed the present Motion to Enforce Settlement. (ECF No. 65.) Defendants contend that their counsel had a telephone conversation with plaintiff's counsel in which the parties agreed to the following settlement – defendants would waive their fees and costs and, in exchange, plaintiff would voluntarily dismiss the case. (See ECF No. 65-1 at 2.) However, when they attempted to obtain plaintiff's signature on the settlement agreement, they

---

[1] It does not appear that plaintiff has served defendants Wang, Nugent, or Padilla.

2

were informed by plaintiff's counsel that though his client had previously agreed to dismiss the case, he now wished to proceed pro per.

On March 12, 2018, plaintiff filed a substitution of attorneys, terminating attorneys Boldin and Choy and substituting himself in pro per. (ECF No. 66.) The court approved the substitution on April 3, 2018. (ECF No. 67.)

On April 20, 2018, plaintiff sought an extension of time of any actions in this case. Plaintiff explained that he expects to be released on July 28, 2018 and would seek to retain a new attorney after that date. (ECF No. 70.) On April 30, 2018, the court denied plaintiff the extension of time he sought, and ordered him to respond within thirty days to defendants' motion to enforce the settlement agreement. (ECF No. 71.)

On May 23, 2018, plaintiff filed an opposition to the motion to enforce the settlement. (ECF No. 72.) On May 25, 2018, defendants filed a reply. (ECF No. 73.)

## MOTION TO ENFORCE SETTLEMENT

### I. Legal Standards

It is "'well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it.'" In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994) (quoting Autera v. Robinson, 419 F.2d 1197, 1200 (D.C. Cir. 1969)); see also Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (same). "[S]tate contract law governs whether [the parties] reached an enforceable agreement settling the federal and state law claims alleged in Plaintiffs' complaint." Wilcox v. Arpaio, 753 F.3d 872, 876 (9th Cir. 2014) (citing Botefur v. City of Eagle Point, Or., 7 F.3d 152, 156 (9th Cir. 1993)). State law also governs the question of whether plaintiff's counsel had authority to enter into the settlement agreement. Anand v. California Dept. of Dev. Serv., 626 F. Supp. 2d 1061, 1067 (E.D. Cal. 2009). The question is whether counsel had "specific authorization" to enter into a settlement on his client's behalf. Id. (citing Bice v. Stevens, 160 Cal. App. 2d 222, 231-32 (1958)).

Under California law, "[t]he essential elements of a contract are: parties capable of contracting; the parties' consent; a lawful object; and sufficient cause or consideration." Lopez v.

Charles Schwab & Co., Inc., 118 Cal. App. 4th 1224, 1230 (2004) (citing Cal. Civil Code §1550). "An essential element of any contract is the consent of the parties, or mutual assent. Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." Id. at 1229 (citing Cal. Civil Code §§1550 and 1565). "The existence of mutual consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe." Weddington Prods., Inc. v. Flick, 60 Cal. App. 4th 793, 811 (1998) (quoting Meyer v. Benko, 55 Cal. App. 3d 937, 942-43 (1976)).

If a valid agreement exists under state law, it must additionally meet two federal requirements. "First, it must be a complete agreement." Marks-Foreman v. Reporter Pub. Co., 12 F. Supp. 2d 1089, 1092 (S.D. Cal. 1998) (citing Maynard v. City of San Jose, 37 F.3d 1396, 1401 (9th Cir. 1994) and Callie, 829 F.2d at 890). "Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." Id. (citing Harrop v. Western Airlines, Inc., 550 F.2d 1143, 1144–45 (9th Cir. 1977)).

## II.  Factual Basis for Motion to Enforce Settlement

### A.  E-mails Provided by Defendants

On November 20, 2017, defendants' counsel Peter Zilaff sent an e-mail to plaintiff's counsel Isaac Choy. Mr. Zilaff stated that "This confirms our conversation today that Plaintiff will voluntarily dismiss this action. Each side to bear their own attorneys' fees and costs. I will prepare the necessary paperwork." (ECF No. 65-2 at 2.) In a responsive email sent two hours later, Mr. Choy responded, "This is correct." (Id.)

On December 6, 2017, Mr. Zilaff e-mailed both Mr. Boldin and Mr. Choy a copy of the settlement agreement. (ECF No. 65-2 at 13.) Twelve days later, Mr. Zilaff e-mailed Boldin and Choy again explaining that he had noticed a few errors in the agreement and had corrected them. The new agreement was attached to this December 14 e-mail. (Id. at 12.) Mr. Zilaff also offered to contact the prison's litigation coordinator if plaintiff's counsel needed help getting his signature. He concluded, "Please let me know where we stand." (Id.)

////

4

On January 8, 2018, a legal assistant in Mr. Zilaff's law firm e-mailed Mr. Boldin and Mr. Choy asking about the status of the settlement agreement. (ECF No. 65-2 at 12.) Mr. Choy responded on January 8 as follows: "We are waiting for the signed forms back from our client. We have already re sent the forms to him. If he continues to not sign the form, we will travel down to the prison to have him sign the forms." (Id. at 15.)

On January 22 and again on February 2, 2018, the legal assistant e-mailed Mr. Choy to follow up on his January 8 e-mail. (ECF No. 65-2 at 19, 20.) On February 5, 2018, Mr. Choy responded. He stated: "Mr. Jones had previously informed us that it was ok to dismiss the case. We have recently received communication that he wants to proceed in pro per. We are attempting to solve this issue now." (Id. at 19.)

**B. Plaintiff's Opposition**

In his opposition, plaintiff states only that he has "never seen, or been told what all this motion [to enforce settlement] entailed. If this motion doesn't have a monetary amount in it. Then I'm not interested in any kind of settlement agreement." (ECF No. 72.) Plaintiff then states he wishes to proceed with the case.

**III. Analysis**

Defendants simply contend that the e-mails reflect that plaintiff himself agreed to the settlement terms and an agreement was reached. Based on these e-mails, most of the requirements of a binding settlement agreement have been reached. The e-mails show the agreement of counsel that defendants would waive their fees and costs and, in exchange, plaintiff would dismiss this action. Under California law, a waiver of fees and costs can be sufficient consideration for a settling plaintiff. See West v. Superior Court, 27 Cal. App. 4th 1625, 1635 (1994) (citing Armstrong World Indus., Inc. v. Superior Court, 21 Cal. App. 3d 951, 957 (1989)); Villa v. Cole, 4 Cal. App. 4th 1327, 1338 n. 2 (1992) (same). Further, courts have held that a settlement agreement need not be reduced to writing to be binding. See Blix St. Records, Inc. v. Cassidy, 191 Cal. App. 4th 39, 48–49 (2010) ("When parties intend that an agreement be binding, the fact that a more formal agreement must be prepared and executed does not alter the validity of the agreement." (citing Mitchell v. Exhibition Foods, Inc., 184 Cal. App. 3d 1033, 1048 (1986)).

An agreement reflected in a series of e-mails, as here, may be sufficient evidence of an agreement to bind the parties. See Gasca v. City of Sacramento, No. 2:15-cv-1109 WBS CKD (Oct. 14, 2016 Order).

Plaintiff, however, indicates that he never agreed to a settlement that included no monetary recovery for him. The question, then, is whether plaintiff's attorneys did, in fact, have his approval for the deal they reached with defendants' counsel and plaintiff now regrets that deal. Their e-mails indicate that plaintiff had agreed to dismiss the case. Plaintiff contends he did not make such an agreement. This is a factual dispute that this court cannot resolve on the written record. In this situation, an evidentiary hearing is necessary to determine whether plaintiff's counsel had the authority to enter into the settlement agreement. See Callie, 829 F.2d at 890 ("Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing."). Plaintiff will have the burden at any such hearing to show his attorney did not have his authority to enter into the settlement agreement reflected in the attorneys' e-mails. See Anand, 626 F. Supp. at 1067 (citing Callen v. Pennsylvania R.R. Co., 332 U.S. 625 (1948)).

Based on the determination that an evidentiary hearing is necessary, the court requires statements from the parties regarding the preparation required for such a hearing and its timing. In addition, given the likely delays in trial preparation based on the parties' apparent settlement, the parties shall inform the court about their readiness for trial, which is currently scheduled to begin on October 15, 2018. The parties shall file these statements within twenty days of the date of this order.

IT IS SO ORDERED.

Dated: June 26, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/jone0680.mot re settlement2